118

**UNITED STATES of America**

v.

**Michael Allen MORGRET, Appellant.**

No. 07–2487.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) April 18, 2008.

Filed: April 22, 2008.

George J. Rocktashel, Office of United States Attorney, Williamsport, PA, for Appellee.

Douglas B. Chester, Spring Mills, PA, for Appellant.

Before: SLOVITER, JORDAN, and ALARCON *, Circuit Judges.

OPINION OF THE COURT

JORDAN, Circuit Judge.

Michael A. Morgret pled guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, as well as to conspiracy in violation of 18 U.S.C. § 371. He appeals from the May 14, 2007 judgment and commitment order entered against him by the United States District Court for the Middle District of Pennsylvania. Morgret asserts that he should have been permitted to withdraw his guilty plea and that the sentence imposed is constitutionally flawed because it was based upon facts decided by the sentencing judge under a preponderance-of-the-evidence standard rather than being decided by a jury under a proof-

_____

* Honorable Arthur L. Alarcon, Senior Circuit Judge of the Ninth Circuit Court of Appeals sitting by designation.

beyond-a-reasonable doubt standard. Finding no error in the District Court's decision, we will affirm.

■ Because we write for the parties, the following discussion assumes familiarity with the procedural and factual background of the case.[1] Morgret's first argument is that he should have been permitted to withdraw his guilty plea "because he was not informed he could lose three points for acceptance of responsibility by filing objections to the pre sentence [sic] report." (Appellant's Brief ["App. Br."] at 24.) "[A] defendant must have a fair and just reason for withdrawing a plea of guilty. We look to three factors to evaluate a motion to withdraw: (1) whether the defendant asserts her innocence; (2) whether the government would be prejudiced by the withdrawal; and (3) the strength of the defendant's reason to withdraw the plea." *United States v. Brown*, 250 F.3d 811, 815 (3d Cir.2001) (internal citation omitted).

Morgret does not assert his innocence. Rather, his argument centers on the amount of cocaine for which he's prepared to admit responsibility. He emphasizes that, before the District Court accepted his guilty plea, the Court knew that he disagreed with the government as to the weight of the drugs attributable to him in the drug conspiracy, and yet, he says, the Court conducted the plea colloquy without giving him any hint that his disagreement on this point could endanger his being given credit for accepting responsibility for his crimes and thus endanger his receiving a three-point reduction in the applicable offense level under the United States Sentencing Guidelines.[2]

Aside from the fact that an argument about credit for acceptance of responsibility is not a claim of innocence, what Morgret ignores is that his written plea agreement with the government contains his signed acknowledgment that "[t]he failure of the Court to find that the defendant is entitled to this three-level reduction shall not be a basis to void this plea agreement." (Supplemental Appendix at 67.) He cannot credibly claim to be surprised that there was a risk that he would not get a three-level reduction when the agreement itself apprised him of that risk. Moreover, the record makes clear that the reason the Court found a reduction for acceptance of

1. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231; we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review for abuse of discretion the District Court's decisions to accept Morgret's guilty plea and to deny his motions to withdraw that plea. *See United States v. Jones*, 336 F.3d 245, 252 (3d Cir.2003) ("We review a district court's ruling denying a defendant's motion to withdraw his guilty plea before sentencing pursuant to an abuse of discretion standard."); *United States v. Cefaratti*, 221 F.3d 502, 509 (3d Cir.2000) ("A district court's finding of a factual basis for a plea is reviewed for an abuse of discretion."). We also review the reasonableness of the sentence under an abuse-of-discretion standard. *United States v. Wise*, 515 F.3d 207, 218 (3d Cir.2008).

2. According to Morgret, he was in Criminal History Category VI and, with the three-point

reduction, should have been placed at offense level 33, which meant that he faced 235 to 293 months in prison. Without the three-point reduction, however, he was at offense level 36 and faced 324 to 405 months in prison. Though he argues this added *"Seven years and Five months ... to [his] presumptive minimum sentence"* (App. Br. at 28; original emphasis), Morgret could not fairly presume he would get the minimum sentence in either range. The arguably more pertinent differential is between the upper end of the lower range and the lower end of the upper range, which amounts to two years and seven months. All of this, of course, overlooks that the Guidelines are advisory and that the District Court was free to impose any sentence up to the statutory maximum, as long as the sentence was reasonable.

responsibility to be inappropriate was because Morgret's sentence had been enhanced due to his obstruction of justice. *See* Supplemental Appendix at 152 ("Morgret has obstructed justice in this case and is therefore not entitled to any downward adjustment for acceptance of responsibility."); U.S.S.G. § 3E1.1, app. note 4 ("Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct."). Morgret took a plea knowing his exposure. In short, the reason he advances for withdrawing his plea is extremely weak.[3]

Morgret was no naif about the criminal justice system. He was and is, as the criminal history set forth in the presentence report shows, a hardened criminal. Since admitting his guilt under oath during the plea colloquy, he has never denied that he is guilty. His complaint is with the punishment he faces, but "[a] shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Brown,* 250 F.3d at 815 (quotation marks and citation omitted). There was no abuse of discretion in the District Court's decision to deny Morgret's efforts to withdraw his guilty plea.

Morgret next argues that the District Court erred in accepting his guilty plea "because the facts admitted in his statement do not match the facts alleged in the indictment or by the government at the change of plea hearing." (App. Br. at 37.) Again, he confuses his disagreement about drug quantities with a lack of foundation

for a finding of guilt. Federal Rule of Criminal Procedure 11(b)(3) states that "[b]efore entering judgment on a guilty plea, the [district] court must determine that there is a factual basis for the plea." Here the Court did exactly that. It conducted a hearing in which it heard from Morgret and his counsel and from counsel for the government. "Rule 11 does not mandate that the defendant personally confirm every factual allegation in the indictment." *United States v. Trott,* 779 F.2d 912, 914 (3d Cir.1985). Nor is there a requirement in the law that the court "be convinced beyond a reasonable doubt that an accused is guilty. It need only be convinced that there is sufficient evidence to justify the reaching of such a conclusion." *United States v. Cefaratti,* 221 F.3d 502, 509 (3d Cir.2000) (internal quotation marks, brackets, and citations omitted). The record amply supports that conclusion in this case.

■ Finally, Morgret argues that a jury should have been empaneled to resolve beyond a reasonable doubt the factual issues pertaining to sentencing, including the drug quantity dispute. This warrants little response. We have explained that

> the right to proof beyond a reasonable doubt does not apply to facts relevant to enhancements under an advisory Guidelines regime. Like the right to a jury trial, the right to proof beyond a reasonable doubt attaches only when the facts at issue have the effect of increasing the maximum punishment to which the defendant is exposed.

*United States v. Grier,* 475 F.3d 556, 565 (3d Cir.2007) (en banc). None of the issues in the case threatened to move Mor-

---

**3.** Because Morgret has not asserted his innocence and because his reasons for seeking to withdraw his plea are weak, we need not reach the question of prejudice to the government. *See Jones,* 336 F.3d at 255 ("[T]he Government need not show such prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea.").

gret's exposure beyond the statutory maximum.[4] It was not error for the District Court to follow our clear precedent.

Accordingly, we will affirm the judgment of conviction and sentence.

---

4. Even under Morgret's version of the facts, he was sentenced below the statutory maximum. He admits responsibility for 422 grams of cocaine and 11 grams of cocaine base. (App. Br. at 26.) Under 21 U.S.C. § 841(b)(1)(B), his admission about the cocaine base alone exposed him to 40 years in prison, well in excess of the 324 months to which he was sentenced.